United States District Court
Southern District of Texas
**ENTERED**
November 05, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CDM SMITH INC; fka CAMP DRESSER AND MCKEE, INC,** | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3069 |
| | § | |
| **INSTITUTE FOR BUILDING TECHNOLOGY & SAFETY, INC,** | § § § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

CDM Smith, Inc. has filed a Motion for a Preliminary Injunction (Doc. No. 7) to enjoin a pending arbitration proceeding. At issue are contract disputes between two companies—CDM Smith, Inc. ("CDM") and Institute for Building Technology & Safety ("IBTS")—that participated in disaster recovery efforts in Harris County and the City of Galveston after Hurricane Ike. The arbitration has been proceeding before a panel of arbitrators ("the Panel") for almost two years, but the parties now contest the Panel's authority to conduct a final hearing set for December 7th, 2015. CDM asks this Court to enjoin the Panel from adjudicating certain issues which CDM claims are unripe and beyond the scope of the Panel's authority. Having reviewed the parties' submissions and the applicable law, as well as the evidence presented at the hearing on October 30th, 2015, this Court concludes that CDM has not established that it is entitled to a preliminary injunction, so the motion should be denied.

**I. BACKGROUND**

Following Hurricane Ike, Harris County and the City of Galveston contracted with CDM to administer certain disaster recovery efforts as the Program Administrator. CDM then

1

subcontracted with IBTS to provide services for the programs.  The contracts between CDM and IBTS included clauses stating:

> In the event of any dispute between the parties arising out of or in connection with the contract or the services or work contemplated herein; the parties agree to first [mediate] . . . then either party may submit the controversy to binding arbitration.

Plaintiff's Exhibit 1, at 11.

CDM and IBTS have been in arbitration since January 2014.  Their disagreement concerns whether, and how much, CDM is required to pay IBTS for its services, given that CDM has not yet been paid in full by Harris County and Galveston.  The contracts between CDM and IBTS provide:

> It is intended that payments to [IBTS] will be made as [CDM] is paid by [Harris County or the City of Galveston] under the Prime Agreement and that [CDM] shall exert reasonable and diligent efforts to collect prompt payment from [Harris County or the City of Galveston].

*Id.* at 4.

The Panel determined that the contracts were "pay if paid" contracts, generally shifting the risk of non-payment to IBTS.  That is, "payment to CDM [is] a condition precedent to CDM's obligation to pay IBTS."  Plaintiff's Exhibit 4, at 3.  However, the Panel also determined that "the parties shifted the risk of non-payment if it resulted from actions or inactions of CDM. If the evidence establishes that Harris County or the City of Galveston did not pay CDM because of acts or omissions of CDM, the pay-if-paid provision would not protect CDM from paying IBTS the amounts attributed to CDM's improper acts or omissions." *Id.* at 4.

The final hearing on December 7th will focus on "whether Harris County or the City of Galveston's failure to pay CDM was a result of any . . . actions or inactions by CDM." *Id.*  The parties can also present evidence regarding payments that CDM has already received, and whether IBTS has received the appropriate amount from those payments. *Id.*

CDM argues: (1) that its disputes involving Harris County and Galveston are beyond the scope of arbitration because they are not "dispute[s] between the parties," and (2) that the issues are not ripe for consideration, since Harris County and Galveston have not yet determined how much to pay CDM for IBTS's services. CDM asks for a preliminary injunction to stop the Panel from considering evidence related to CDM's actions or inactions with regard to Harris County and Galveston.

## II.    LEGAL STANDARDS

Preliminary injunctions staying arbitration proceedings are available if the general requirements for preliminary relief are met. 3 Fed. Proc., L. Ed., § 4:5. Those requirements are:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat of irreparable injury if the injunction is not issued,

(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and

(4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). A preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

A party cannot be required to submit to arbitration any dispute which he or she has not agreed to submit. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). However, "where the contract contains an arbitration clause, there is a presumption of arbitrability. Such a presumption means that, in determining whether the dispute falls within the scope of the arbitration agreement, ambiguities are resolved in favor of arbitration." *Id.* (internal quotation

marks and citations omitted).  Forcing a party to arbitrate a nonarbitrable dispute is an irreparable injury.  *Kellogg Brown & Root Servs., Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, 2007 WL 4190795, at *15 (S.D. Tex. Nov. 21, 2007) (J. Rosenthal).

### III. ANALYSIS

To carry the burden of persuasion as to the first requirement for a preliminary injunction, CDM must convince this Court that there is a substantial likelihood that the Panel will exceed its authority in the December 7th hearing.  To that end, CDM makes two distinct arguments, which the Court will address in turn.

#### A. Ripeness

CDM claims that the question of whether, and how much, it must pay IBTS depends on issues that must first be decided by state courts and governmental agencies.  Specifically, those predicate issues are "whether IBTS's invoiced items are eligible to be paid, and whether Harris County and/or the City of Galveston will pay CDM Smith" for the work.  Doc. No. 7 at 14.  According to the Panel's order of September 18th, 2015, however, CDM's liability to IBTS will not necessarily turn on whether it receives payment itself.  Plaintiff's Exhibit 4, at 4.  As IBTS notes in its motion to dismiss:

> "If CDM prevails in its state court litigation it will presumably be paid and if it does not prevail, it will not be paid.  Regardless, Defendant is requesting payment.  Accordingly, the outcome of CDM's litigation with the City of Galveston or the [Texas General Land Office] will not affect the outcome of the arbitration with the Defendant."

Doc. No. 8 at 21.  The Panel may inquire into CDM's efforts to obtain payments from Harris County and Galveston without knowing whether CDM will ultimately receive the payments.  This Court cannot infer from the Panel's order that the Panel is likely to decide issues that are unripe for decision.

### B. Scope of Arbitration

CDM also claims that the Panel will make determinations about CDM's performance under its contracts with the City of Galveston and Harris County, which do not contain arbitration clauses. The Panel said that the issue before it was "narrower than whether there is evidence that CDM failed to meet one or more contractual obligations" with the City or County. Plaintiff's Exhibit 4, at 4. If the Panel had the authority to interpret the contingent payment clauses of the contracts, which neither party denies, then the Panel must also have had the authority to decide that the "pay if paid" nature of the contracts depends at least in part upon CDM's interactions with the City and County. The Panel may hold that CDM had an obligation to IBTS to diligently pursue payment from Harris County and Galveston, and that if CDM failed to do so, then the risk of non-payment shifted from IBTS to CDM. This Court is not persuaded that the Panel will exceed the scope of its authority in the upcoming hearing.

### IV. CONCLUSION

Because CDM has not shown that there is a substantial likelihood that it will prevail, CDM's Motion for a Preliminary Injunction is **DENIED**. Accordingly, the Court need not consider the other three criteria that must be satisfied before a preliminary injunction can issue.

**IT IS SO ORDERED.**

**SIGNED** on this the 4th day of November, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE